**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ROBERT DOUGLAS TURNER          :

    Plaintiff                              :

v                                              :          Civil Action No. RDB-05-1318

CHERELLE REDDICK-LANE, M.D.  :

    Defendant                          :

o0o

**MEMORANDUM OPINION**

The above-captioned civil rights action alleges that Plaintiff was denied proper medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Paper No. 1. Now pending is Defendant's Motion to Dismiss or for Summary Judgment, which shall be construed as a Motion for Summary Judgment. Paper No. 21. Plaintiff has filed a Response in opposition to the motion. Paper No. 24. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's Motion shall be granted.

Background

Plaintiff, a prisoner confined at the Maryland Correctional Adjustment Center (MCAC), had a pacemaker installed for treatment of a life-long condition described in his medical records[1] as sinus syndrome. Paper No. 21 at Ex. 1, p. 1. He claims his pacemaker was checked on June 10, 2004, to determine if it was in working order and it was discovered that the battery was low. *Id*. Based on that assessment, a recommendation was made for Plaintiff to be returned in four months for a

---

[1] The medical records and the affidavit submitted by Defendant in support of the Motion for Summary Judgment include references to Plaintiff's psychiatric history. Inclusion of that information in this case is troubling inasmuch as it has no bearing on the claim regarding Plaintiff's pacemaker, nor has any effort been made by Defendant to explain how the information is relevant. Accordingly, counsel is cautioned against such a practice in the future.

follow-up appointment. *Id*.  Despite that report and the possible dire consequences to his health Plaintiff was not provided a timely follow-up appointment.  Seven months later, on January 13, 2005, he was seen after his repeated requests for medical attention. Paper No. 24.  He asserts that he was told at that time by Defendant that the plan was to send him back for another pacemaker check in June, 2005.  *Id*.  He claims that as a result of that delay, his pacemaker began to fail, he required immediate hospitalization, and on January 14, 2005, his pacemaker was replaced.  *Id*.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A]

complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## Analysis

This court does not have jurisdiction to consider a medical malpractice claim absent diversity of citizenship among the parties involved. Nonetheless Plaintiff's claim, liberally construed, can proceed due to his allegation that his Eighth Amendment rights were violated. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the

Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [she] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew

4

at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

"[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference". *Johnson v. Quinones* 145 F. 3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present. *Id.* at 169 (Actions inconsistent with an effort to hide a serious medical condition, refutes presence of doctor's subjective knowledge).

It is undisputed that Plaintiff's pacemaker check in June, 2004, indicated that although it was working well, the battery was running low and a follow-up should occur in four months. Paper No. 21 at Ex. 1, p.1. The follow-up check was delayed, and on December 10, 2004, a referral was prepared by Defendant requesting a follow-up check of Plaintiff's pacemaker. *Id.* at Ex. 2, p. 4. The referral indicates that Plaintiff had his pacemaker checked six months prior and at that time it was in working condition but the battery was low. *Id.* In addition, Defendant indicates in the referral that Plaintiff had no symptoms at that time. *Id.* Although it was marked urgent, there is no indication on the referral form that Plaintiff was ever seen by a consultant pursuant to that request. *Id.* Instead, Plaintiff reported to the prison medical unit on January 13, 2005, complaining of increasing fatigue. *Id.* at p. 13; Paper No. 24 at p. 2. Defendant maintains that Plaintiff's pulse was 68 when he reported to the infirmary. Paper No. 21 at Ex. A, p. 3; Ex. 2, p. 7. Plaintiff asserts that his pulse was 31 when he reported to the infirmary, as indicated by the record of his visit. *Id.* at Ex. 2, p. 13; Paper No. 24 at p. 2. Inasmuch as Plaintiff was transported to the hospital the day he

reported his symptoms, the factual dispute regarding his pulse or heart rate is not material to the disposition of the claim raised.

The delay in providing Plaintiff with a follow-up check on the status of the battery function in his pacemaker is, at best, a claim of medical malpractice. In light of the evidence produced that Plaintiff's pacemaker appeared to be functioning properly up to January 13, 2005, Defendant did not exhibit deliberate indifference to a serious medical condition. When in fact Plaintiff developed a serious medical condition related to the functioning of his pacemaker, he was provided with immediate and appropriate medical care. While this Court is sympathetic to the anxiety-producing effect of Defendant's delay in providing Plaintiff with a follow-up check, that anxiety does not amount to a cognizable injury.

In light of the evidence submitted and the undisputed facts of the case, the Court concludes that Defendant is entitled to summary judgment on all claims raised in the Complaint. A separate Order follows.

May 18, 2006                                /s/
Date                                             RICHARD D. BENNETT
                                                 UNITED STATES DISTRICT JUDGE